UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23132

JOWER FERIZ,

    Plaintiff,

vs.

APEX VENDING, INC. and
IBRAHIM REMEDIOS,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, Jower Feriz, sues Defendants, Apex Vending, Inc. and Ibrahim Remedios, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Jower Feriz**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2.     Plaintiff was a non-exempt employee of Defendants.

3.     Plaintiff consents to join in this lawsuit.

4.     **Defendant, Apex Vending, Inc.,** is a Florida for-profit corporation that is authorized to conduct and that actually conducts its installation business throughout this District, with its principal place of business within Miami-Dade County, Florida, and it is *sui juris*.

5.     **Defendant, Ibrahim Remedios**, was at all material times a resident of this District; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or

1

totally responsible for paying Plaintiff's wages.

6.  Defendants were direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

7.  Both Defendants employed the Plaintiff.

8.  Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants employed Plaintiff in this District, because Plaintiff worked in this District, because Defendants paid Plaintiff in this District, and because most of the actions complained of occurred within this District.

9.  This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim(s).

### *Background Facts*

10.  Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

11.  In particular, Defendants own and operate a company that sells, services, and stocks vending machines that were manufactured/assembled outside of the State of Florida.

12.  Defendants receive food, snacks, ice creams, coffee, candy and beverages from locations outside of the State of Florida and that were manufactured/produced outside of the State of Florida and then (re-)stock these items in vending machines for sale(s) to consumers located inside of the State of Florida.

13. Defendants then regularly and routinely process credit card and bank card transactions by regularly and routinely transmitting information to locations outside of the State of Florida, after which they receive payments from payors located outside of the State of Florida.

14. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

15. Defendants also advertise their services on the Internet at www.apexvendingmachines.com, a site that Defendants registered through GoDaddy, LLC, a foreign corporation.

16. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

17. As part of his work, Plaintiff was required to retrieve a vehicle from Defendants' premises each morning, to drive that vehicle to Defendants' customers locations, to take inventory and to stock/restock the vending machines with food, snacks, drinks, candies, and coffee that traveled in interstate commerce prior to arriving in Florida, to take the counts from the machines, and to collect the money from the machines.

18. Plaintiff would then return to Defendants' premises at the end of the day, where he would re-stock the vehicle with food, snacks, drinks, candies, and coffee that traveled in interstate commerce prior to arriving in Florida and provide the money he had collected to the Defendants.

19. Plaintiff worked for Defendants from November 20, 2018 to July 17, 2019.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

21. Plaintiff and Defendants agreed that they would pay Plaintiff's a salary of $600 per week.

22. In addition, Defendants agreed to pay Plaintiff a commission of 7% of the sales from the vending/coffee machines that he serviced each week.

23. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

24. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – FLSA OVERTIME VIOLATION
### (Against Apex Vending, Inc. and Ibrahim Remedios)

Plaintiff, Jower Feriz, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

25. Defendants classified and paid Plaintiff as a non-exempt employee.

26. Plaintiff regularly worked more than 40 hours per week for Defendants.

27. Defendants paid Plaintiff his salary for all hours worked, but failed to pay him overtime wages calculated at one and one-half times his regular rate of pay for all of the hours he worked beyond 40 in a workweek.

28. The FLSA requires, at 29 C.F.R. §778.117, that employers such as Defendants include commissions in the regular rate to be paid to Plaintiff for purposes of calculating his overtime rate.

29. Although Plaintiff earned commissions, his commissions never exceeded more than half of his total earnings in any representative pay period.

30. Defendants failed and refused to pay Plaintiff overtime wages calculated at time

4

and one-half times his regular hourly rate (that included the commissions he earned) for all of the hours worked over 40 hours in a given workweek.

31. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of one and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

32. Defendants either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime pay he earned.

33. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked at one and one-half times his regular rate of pay that included his commissions, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Jower Feriz, demands the entry of a judgment in his favor and against Defendants, Apex Vending, Inc. and Ibrahim Remedios, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
### (Apex Vending, Inc.)

Plaintiff, Jower Feriz, reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

34. Plaintiff and Defendant, Apex Vending, Inc., agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate him in part based on a salary of $600 per week and that he also would receive commissions of 7% of the sales that he collected from the vending machines he serviced for Defendants.

35. Plaintiff performed under the parties' contract/agreement for Defendant, Apex Vending, Inc., by performing all tasks it requested in a timely and appropriate manner.

36. Defendant, Apex Vending, Inc., failed and refused to pay Plaintiff the commissions that he earned prior to her leaving its employ, despite his demand for same, thereby breaching the contract.

37. Plaintiff has been damaged as a result of Defendant, Apex Vending, Inc.'s failure

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

to pay him the agreed-upon amount by failing to pay him the commissions that he earned.

WHEREFORE Plaintiff, Jower Feriz, demands that this Court enter a judgment in his favor and against Defendant, Apex Vending, Inc., for the wages owed to him, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### COUNT III – UNJUST ENRICHMENT
**(Against Apex Vending, Inc.)**

Plaintiff, Jower Feriz, reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows::

38.     Plaintiff worked for Defendant, Apex Vending, Inc., by performing all tasks it requested in a timely and appropriate manner.

39.     Plaintiff expected to be paid a reasonable commission for the services he provided to and that he expended on behalf of Defendant, Apex Vending, Inc.

40.     Defendant, Apex Vending, Inc., has been unjustly enriched in that it failed and refused to make payment in full to Plaintiff for such benefits/commissions.

WHEREFORE Plaintiff, Jower Feriz, demands the entry of a judgment in his favor and against Defendant, Apex Vending, Inc., for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 29th day of July 2019.

Respectfully Submitted,

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884